UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-21261-ALTMAN/Reid

**MICHAEL SIZEMORE** *et al.*,
*on behalf of themselves and others similarly situated*,

      *Plaintiffs*,

v.

**CHANGPENG ZHAO** *et al.*,

      *Defendants*.
_____/

## ORDER

The Defendants[1] have filed a Renewed Motion for a Stay of Discovery and for Protective Order (the "Motion to Stay") [ECF No. 133], in which they ask us to "stay[ ] discovery in this action pending the Court's resolution of the concurrently filed Motion to Compel Arbitration, or, In the Alternative, to Dismiss Plaintiffs' Amended Complaint," *id.* at 1.[2] The Plaintiffs have now responded to the Motion to Stay. *See* Response [ECF No. 142]. The parties also filed a Joint Motion for Briefing Schedule on the Pending Motions to Compel and Dismiss (the "Joint Motion") [ECF No. 138], which gave us some additional insights into their positions on the Motion to Stay. After careful review, the Motion to Stay is **GRANTED in part** and **DENIED in part** as set out in this Order.

The parties seem to agree that there are three categories of discovery at play here: arbitration-related discovery; jurisdictional discovery; and merits discovery. After the Defendants filed their

---

[1] The Defendants are Binance Holdings Ltd., Binance Holdings (IE) Ltd., Binance (Services) Holdings Ltd., BAM Management US Holdings Inc., BAM Trading Services Inc., Changpeng Zhao, Ben Armstrong, Jimmy Butler, and Paxos Trust Company, LLC.

[2] We granted leave for two of the Defendants, Butler and Paxos, to file separate motions. *See* Paxos's Motion to Compel or Dismiss [ECF No. 134]; Butler's Motion to Compel or Dismiss [ECF No. 135]. The rest of the Defendants filed their own Joint Motion to Compel or Dismiss [ECF No. 132]. In this Order, we refer to *all three* of these motions collectively as the "Motion to Compel or Dismiss."

Motion to Stay, the parties told us that they now *agree* "BAM will provide Plaintiffs with appropriate arbitration-related discovery," Joint Motion at 3, and we have ordered BAM to do just that, *see* Order Setting Briefing Schedule [ECF No. 141] at 1. So, the question of arbitration-related discovery seems to have been resolved. We therefore **DENY as moot** the Motion to Stay to the extent it seeks a stay of arbitration-related discovery.

As far as merits discovery goes, the Plaintiffs tell us that they "take no position and leave it to the Court's discretion as to what purely merits discovery, if any, should be permitted pending a decision on the motions to compel arbitration and to dismiss." Response at 2; *see also id.* at 9 (reiterating that "Plaintiffs take no position as to purely merits-based discovery"). Since the Plaintiffs have chosen not to oppose this part of the Motion to Stay, we'll **GRANT** it without opposition.

Which leaves us only with the issue of jurisdictional discovery. The Plaintiffs contend that "[j]urisdiction-related discovery is also necessary and appropriate at this stage" and that "[c]ourts in this District routinely recognize plaintiffs' rights to conduct limited jurisdictional discovery before a ruling on a motion to dismiss for lack of jurisdiction." Response at 2. And it's true, of course, that a "[p]laintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982). Indeed, "the rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction." *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980). On the other hand, "plaintiffs only have a right to jurisdictional discovery if the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation." *Turner v. Costa Crociere S.P.A.*, 2020 WL 9017486, at *2 (S.D. Fla. Aug. 23, 2020) (Moore, C.J.) (cleaned up). Ultimately, we "enjoy broad discretion in deciding how to best manage the cases before [us]," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), which includes "discretion to stay proceedings as an incident to [our] power to control [our] own docket," *Clinton v. Jones*, 520 U.S. 681, 683 (1997).

The Defendants, for their part, ask us not to allow jurisdictional discovery *yet*. As they see things, we're *either* going to grant their Motion to Compel or Dismiss, in which case this litigation will be stayed, *or* we're going to deny their Motion to Compel or Dismiss, in which case they'll take an interlocutory appeal—thus (again) requiring a stay of the whole case. *See* Motion at 2. And that seems right. *See Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1918 (2023) ("When a federal district court denies a motion to compel arbitration, the losing party has a statutory right to an interlocutory appeal. *See* 9 U.S.C. § 16(a). The sole question here is whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing. The answer is yes: The district court must stay its proceedings.").

We think the Defendants' argument makes sense. At the same time, we agree that our Plaintiffs should be entitled to take jurisdictional discovery before we rule on *the jurisdictional part* of the Motion to Compel or Dismiss. To balance these equities, then, we'll **GRANT** the Motion to Stay to the extent it seeks to stay jurisdictional discovery *for now*. But we'll agree to adjudicate the arbitration-related portions of the Motion to Compel or Dismiss *before* reaching the jurisdictional aspects of that motion. And, if we decide *not* to send this case to arbitration, we'll give the Plaintiffs an opportunity to conduct some jurisdictional discovery before we adjudicate the jurisdictional part of the Motion to Compel or Dismiss.

After careful review, therefore, we hereby **ORDER and ADJUDGE** as follows:

1. The Motion to Stay [ECF No. 133] is **DENIED as moot** to the extent it seeks to stay arbitration-related discovery.

2. The Motion to Stay [ECF No. 133] is **GRANTED without opposition** to the extent it seeks to stay merits discovery.

3. The Motion to Stay [ECF No. 133] is **GRANTED** to the extent it seeks to stay jurisdictional discovery.

4. The Clerk of Court is directed to **CLOSE** and **STAY** this case pending our adjudication of the Motion to Compel or Dismiss. All the deadlines we set in our Scheduling Order [ECF No. 93] are therefore **TERMINATED**.

5. But the deadlines we set out in our Order Setting Briefing Schedule [ECF No. 141] shall **REMAIN**. The parties shall *only* brief the arbitration issue at this time. If we deny the arbitration part of the Motion to Compel or Dismiss, we'll set a new schedule for the Plaintiffs to take jurisdictional discovery and for the parties to brief the jurisdictional aspects of that motion.

**DONE AND ORDERED** in the Southern District of Florida on August 7, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record