UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 23-CV-21261-ALTMAN/Reid

**MICHAEL SIZEMORE**, *et al.*, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

**CHANGPENG ZHAO**, *et al.*,

    Defendants.

_____/

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF FIRST TRANCHE OF SETTLEMENTS, PROVISIONAL CERTIFICATION OF PROPOSED SETTLEMENT CLASS, AND APPROVAL OF THE PROPOSED SCHEDULE**

Binance is one of the world's largest crypto-products platform, offering over 100 million customers, and 1.47 million U.S. based customers (in 48 U.S. states) the ability to buy and trade digital assets, including cryptocurrency and tokens, such as their own token, "BNB," and their own stablecoin "BUSD," which Plaintiffs allege are unregistered securities that the Settling Defendants unlawfully sold them and the Class. Am. Compl., ECF No. 100, ¶ 1 Plaintiffs brought this proposed class action on behalf of a Global Class, a Nationwide Class, and State Subclasses, of persons and entities who purchased, held, or sold BNB or BUSD, participated in Binance's "BNB Vault" program, its "Simple Earn" program, or in any Binance staking program, or purchased, held, or sold various other crypto assets via any Binance platform (collectively, the "Unregistered Offerings"). *Am. Compl., ECF No. 100,* ¶ 343. Plaintiffs allege that the Settling Defendants' participation and/or assistance in Binance's offerings and sales of unregistered securities violate various provisions of applicable securities laws and deceptive trade practices statutes, including those of Florida, California and Colorado. *Id.* ¶¶ 359–415. Further, Plaintiffs maintain that the Settling Defendants' actions entitle Plaintiffs and Class Members to full rescissionary damages, for which Settling Defendants are jointly and severally liable. *Id.* ¶¶ 361, 389, 407, 432.

Plaintiffs have worked diligently to litigate these claims to benefit all Binance victims. Today, those efforts begin to bear fruit. Plaintiffs are proud to announce to the Court the first tranche of proposed Class Settlements, made with two alleged Binance Promoters.[1] These proposed Settlements result from the tremendous efforts the Honorable Michael Hanzman (Ret.), who facilitated the discussions which led to the Settlement.  A copy of the Butler Settlement Agreement is attached hereto as **Exhibit A.**  A copy of the Armstrong Settlement is attached hereto as **Exhibit B**.

As a result of Plaintiffs' and Undersigned Counsel's efforts, aided in large part by Judge Hanzman, all Settling Defendants will provide collectively $340,000 in monetary relief, in exchange for reaching these early settlements, which will be held in the Settlement Fund pending further order on distribution to the Binance Class Members.

Plaintiffs have also retained the services of acclaimed legal notice experts JND Legal Administration ("JND"), to craft a Notice Plan in order to provide the best notice practicable to the Class, which is consistent with the court-approved program they created for another recent cryptocurrency matter, *In re Ripple Labs Inc. Litig.,* No. 18-cv-06753-PJH, ECF No. 359 (N.D. Cal. Jan. 26, 2024). This robust Notice Plan, as explained in the Declaration of Gina Intrepido-Bowden,

---

[1] Defendants Jimmy Butler ("Butler") and Ben Armstrong [collectively "Settling Defendants"].

attached as **Exhibit C**, will provide the best notice practicable, consistent with the methods and tools employed in other court-approved notice programs and to allow Class Members the opportunity to review a plain language notice with the ability to easily take the next step and learn more about the litigation. *Id.*, ¶ 12.

Proposed Class Representatives therefore request the Court: (1) grant preliminary approval of the Settlements; (2) grant preliminary certification of the Proposed Settlement Class for purposes of settlement; (3) appoint Class Representatives as Rule 23(c) class representatives; (4) appoint Co-Lead Counsel, Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP as Co-Lead Class Counsel pursuant to Fed R. Civ. P. 23(c)(1)(B) and 23(g); (5) approve the proposed plan of notice to the Class pursuant to Fed. R. Civ. P. 23(e); (6) appoint JND as Notice Administrator to effectuate the plan of notice; and (7) stay these settlement proceedings until the resolution of claims (through judgment or settlement) of the remaining non-settling Defendants. The request for a stay of proceedings will promote efficiency and reduce the number of times Notice must be distributed, which will lower the relative costs of the Notice Program, a program designed to provide Notice to over one million settlement Class Members. This was the same procedure this Court employed in the *Voyager* Litigation *See* Order Preliminarily Approving Class Settlement dated June 10, 2024 in the matter *of Dominik Karnas, et al. v. Mark Cuban, et al.*, Case No.: 1:22-cv-22538-RKA (S.D. Fla.) at ECF No. 304.

## I. LITIGATION OVERVIEW

Plaintiffs commenced this putative class-action lawsuit entitled on or about March 31, 2023 and then filed an Amended Complaint (ECF No. 100) on June 27, 2023. The Claims against the Settling Defendants are asserted on behalf of a class of similarly-situated individuals alleging that the Settling Defendants aided, abetted, or otherwise participated in a central conspiracy to promote the sale of unregistered securities in violation of various provisions of applicable securities laws and deceptive trade practices statutes, including those of Florida, California and Colorado.

Settling Defendant Butler[2] filed a Motion to Compel Arbitration or, in the Alternative, to Dismiss Plaintiffs' Amended Complaint on or about July 24, 2023 (ECF No. 134), and Plaintiffs responded to the motion on November 6, 2023 (ECF No. 172). The motion remains pending.

---

[2] Initially, Settling Defendant Armstrong joined in the Motion to Compel, but proceedings as to Armstrong are stayed in light of the parties' pending settlement. (ECF No. 163).

At the time of the briefing on the motion to compel arbitration and the following months, Settling Defendant Butler agreed to attend mediation sessions before the Honorable Michael Hanzman (Ret.), who facilitated vigorous arm's-length negotiations and provided his expert input into the claims and defenses at issue, their strengths and weaknesses, and proposed terms to amicably resolve the disputes. Judge Hanzman's involvement certainly informed Plaintiffs and Class Counsel in subsequent negotiations with Settling Defendant Butler at arm's length so that all aspects of the litigation and settlements were considered in full before resolving them.

After months of negotiations, based on the evaluation of the facts and the law, the Settling Parties hereto have agreed (subject to court approval) to Settlements as outlined below, however, the Settlement of these claims does not affect the claims against the remaining Defendants.

## II. Settlement Consideration

In consideration for full and final settlement of the claims asserted against the Settling Defendants in the Action and in consideration of the Releases set forth therein, the Settling Defendants will contribute to a common fund a combined $340,000 to fund the class settlement in exchange for Release of the claims against them, as more specifically set forth in their respective Settlement Agreements. *See* Ex. A at 7, 13–14; Ex. B at 5–6.

## III. Settlement Class Certification

The Settlements require conditional certification of the Class, pursuant to Federal Rule of Civil Procedure 23(b)(1) or, in the alternative, 23(b)(3). Parties agree that for Settlement purposes only and pursuant to the terms of the Settlements, the Class Representatives will serve as class representative plaintiffs and Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP will serve as Co-Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(c). The Settlements are conditional on the Court's approval thereof. In the event the Court does not approve all terms of the Settlements, then certification of the Class will be voided as to such Settlements, and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Class, will be voided.  *See* Exs. A and B.

### A. The Settlement Class

The Settlement Class is "All persons and entities who, within the applicable limitations period, A) purchased, held, and/or sold the cryptocurrency tokens BNB and/or BUSD on any platform, B) purchased, held, and/or sold SOL, ADA, MATIC, FIL, ATOM, SAND, MANA, ALGO, AXS, or COTI on Binance.US or Binance.com, or C) participated in the programs BNB Vault, Simple Earn, and/or any staking program through Binance.US or Binance.com." *See* Ex. A. at 7; Ex B. at 3.

3

Excluded from the Settlement Class are Settling Defendants and their officers, directors, affiliates, legal representatives, and employees, the Binance entities and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff. *Id.*

### B.     Class Notice Provisions

To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(1), the Settlements require notice to be provided to the Class in accordance with the Preliminary Approval Order and/or any other order from this Court. *See* Ex. A ¶ 3; Ex. B ¶ VI. If the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(3), Plaintiffs respectfully request that the Court stay the provision of Notice until the claims against the non-settling Defendants are resolved through judgment or settlement, after which the Parties will send, or cause to be sent, a single Class Notice to each Class Member. The Class Notice also will be published through the Settlement Website and through digital notice which would include placements in a variety of crypto-related industry publications. The Class Notice will: contain a short, plain statement of the background of the Action and the Settlement; describe the settlement relief outlined in this Stipulation; state that any relief to Class Members is contingent on the Court's final approval of the Settlement; inform Class Members that attorneys' fees and expenses, and a general release payment for the named plaintiffs, will be requested and, if approved by the Court, will be paid from the Settlement Fund; inform Class Members that any Final Order and Judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit or proceeding pending against Settling Defendants; describe the terms of the Release; and contain reference and a hyperlink to a dedicated webpage established by JND, which will include relevant documents and information regarding Class Representatives' claims against Settling Defendants in the Action. Class Notice will also inform Class Members of their opt-out rights. *See* Ex A. at 3–5; Ex. B at 7–9.

As to the Settling Defendants, Class Representatives and Class Counsel will provide notice of this Action and Agreement to the appropriate federal and state entities in accordance with CAFA, 28 U.S.C. § 1715(b)(7).

### C.     Final Approval Hearing

Should the Court grant preliminary approval, pursuant to the Settlements, Class Counsel requests that the Court set a final approval hearing at a date that comports with a future schedule agreed to by the Parties after resolution of the claims against the non-settling Defendants.

4

### D. Objections

The Settlements provide that a Class Member may object to the Settlements. To object, the Class Member must comply with the procedures and deadlines approved by the Court. Any Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and any Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defendants' Counsel no later than the Objection Deadline. Ex. A. ¶ 12; Ex. B ¶ VIII. The requirements to assert a valid written objection shall be set forth in the Class Notice. *Id.*

Subject to Court approval, any Class Member who files and serves a written objection may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member: (a) files with the Clerk of the District Court a Notice of Intention to Appear at the Final Approval Hearing by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. *Id.* The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the District Court in connection with the Final Approval Hearing. *Id.*

### E. Settlement Distribution

The Settlement Amount paid by each Settling Defendant shall be placed in the Settlement Fund, added to settlement amounts from other Defendants, as such settlements are reached, and distributed in accordance with the Distribution Plan and under the supervision and direction and with the approval of the District Court. Ex A. at ¶ 11; Ex. B ¶ IV.

### F. Attorneys' Fees, Expenses, and General Release Payments

The Parties agree that Class Counsel may petition the Court for an award of Attorneys' Fees and Expenses in an aggregate amount not to exceed thirty three percent (33%) of the Settlement Funds. Ex. A ¶ 15; Ex. B ¶ X. Class Counsel's motion for Attorneys' Fees and Expenses shall be filed no later than fourteen (14) days before the Objection/Exclusion Deadline. *Id.* Settling Defendants reserved the right to oppose any such petition that they deem to be unreasonable in nature or amount or otherwise objectionable. *Id.*

The effectiveness of the Settlements will not be conditioned upon or delayed by the Court's failure to approve any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses. The denial, downward modification, or failure to grant any petition by Plaintiffs and Class Counsel for

5

Attorneys' Fees and Expenses shall not constitute grounds for modification or termination of these Agreements or the Settlements proposed herein. *Id.*

Further, each of the Class Representatives has agreed to sign a broader general release in favor of the Settling Defendants in exchange for a payment of $500, which is permissible in this district. *See Sinkfield v. Persolve Recoveries, LLC*, 2023 WL 511195, at *3 (S.D. Fla. Jan. 26, 2023) (approving settlement where Plaintiff is being paid this $1,500.00, *not* as "a salary, a bounty, or both," but in exchange for agreeing to a broader release of claims than the release the other Class Members have given).

## IV. The Proposed Settlements Should Be Preliminarily Approved

### A. Standards for Preliminary Approval of a Proposed Settlement

A class action may be settled only with the approval of the Court. *See* Fed. R. Civ. P. 23(e)(1). The Rule 23(e) settlement approval procedure has three principal steps: (1) preliminary approval of the proposed settlement; (2) dissemination of notice of the settlement to all affected Class Members; and (3) a final approval determination following a fairness hearing at which Class Members may be heard regarding the settlement, and at which counsel may introduce evidence and present arguments concerning the fairness, adequacy, and reasonableness of the settlement. *See* 4 William B. Rubenstein, Albert Conte & Herbert Newberg, *Newberg on Class Actions* §§ 13:39 *et seq.* (5th ed. 2014).

Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of the written submissions. *Encarnacion v. J.W. Lee, Inc.,* No. CV 14-61927, 2015 WL 12550747, at *1 (S.D. Fla. June 30, 2015) (unpublished). To grant preliminary approval, the Court should determine whether the proposed settlement substantively falls "within the range of possible approval" or reasonableness. *Id.*; *see also*, 4 Albert Conte & Herbert Newberg, *Newberg on Class Actions* § 11.25 (4th ed. 2002). The Court should approve a proposed class action settlement where it is "fair, adequate and reasonable and is not the product of collusion between the parties." *Saccoccio v. JP Morgan Chase Bank, N.A.,* 297 F.R.D. 683, 691 (S.D. Fla. 2014) (*citing Bennett v. Behring Corp., 737* F.2d 982, 986 (11th Cir. 1984). Public policy favors settlements, particularly where complex class action litigation is concerned. *In re Equifax Inc. Customer Data Sec. Breach Litig.,* 999 F.3d 1247, 1273 (11th Cir. 2021). The proposed Settlements here satisfy the standard for preliminary approval because: (1) they are reasonable; (2) they are the product of arm's-length negotiations between the parties and (3) Class Representatives and Class Counsel believe they are in the best interest of the Settlement Class.

### 1. The Settlements Are Reasonable

To grant preliminary approval of the proposed Settlements, the Court need only find that they fall within "the range of reasonableness." Alba Conte et al., Newberg on Class Actions § 11.25, at 11–91 (4th ed. 2002); *see also* Manual for Complex Litigation (Fourth) (2004) § 21.632 (characterizing the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties). Plaintiffs seek class-wide relief from the Settling Defendants, who are a group of influencers paid by Binance to present it to their followers as a safe and legitimate alternative to other cryptocurrency exchanges.

As outlined above, the Settling Defendants are influencers paid by Binance to promote the exchange to their followers. In exchange for release of the claims against them, the Settling Defendants have agreed to provide monetary relief. This is a reasonable recovery in light of the inherent risks of litigation. Moreover, adding to the risk of no recovery absent settlement are that motions to dismiss remain pending, and some Settling Defendants maintain motions on multiple grounds. The settlements with the Settling Defendants are reasonable.

### 2. The Settlements are the Product of Arm's-Length Negotiations

Where a settlement is the product of arm's-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable. *See* 4 Newberg § 11.41; *See also Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1247 (S.D. Fla. 2016). Here, the Settlements were reached after informed, extensive arm's-length negotiations, with the Butler settlement having the assistance of an experienced mediator, The Honorable Michael A. Hanzman (Retired). *See Lee v. Ocwen Loan Servicing, LLC,* No. 14-CV- 60649, slip op. at 25-26 (S.D. Fla. Sept. 14, 2015) (approving settlement and noting that parties' use of a highly respected mediator supported the conclusion that the settlement was not the product of collusion).

Each Settling Defendant was individually represented by experienced counsel. The monetary relief afforded by the Settling Defendants' Settlements also presents the best possible outcome considering the costs and risks of continued litigation. The Settlements were reached after an extensive investigation into the factual underpinnings of the practices challenged in the civil action, as well as the applicable law. In addition to their pre-filing efforts, Class Counsel engaged in extensive research, including the review of documents, facts and testimony provided in the Binance-related bankruptcy proceeding. Nothing in the course of the negotiations or in the substance of the proposed Settlements present any reason to doubt the Settlements' fairness.

### 3. The Recommendation of Experienced Counsel Favors Approval.

In considering a proposed class settlement, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Blue Cross Blue Shield Antitrust Litig.,* No. 2:13-CV-20000-RDP, 2020 WL 8256366, at *26 (N.D. Ala. Nov. 30, 2020) (unpublished). Here, Class Counsel endorses the Settlements as fair, adequate, and reasonable. Class Counsel have extensive experience litigating and settling consumer class actions and other complex matters and have conducted an extensive investigation into the factual and legal issues raised in this action. Class Counsel have weighed the benefits of the Settlements against the inherent risks and expense of continued litigation, and they strongly believe that the proposed Settlements are fair, reasonable, and adequate. The fact that qualified and well-informed counsel endorse the Settlements as being fair, reasonable, and adequate weighs in favor of approving the Settlements.

### B. The Proposed Stay Requested is Reasonable.

Rule 23(e) requires that, prior to final approval of a settlement, notice of that settlement must be distributed to all class members who would be bound by it. Rule 23(c)(2)(B) requires that notice of a settlement be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Here, Plaintiffs respectfully request that the Court agree to defer formal notice of the Settlement Agreements to the Settlement Class until resolution of the claims against the non-settling Defendants.

Deferring notice will save money for Settlement Class because Plaintiffs could provide notice of all the settlements at once. *See Brown v. JBS USA Food Co.*, 22-CV-02946-PAB-STV, 2024 WL 809895, at *10 (D. Colo. Feb. 27, 2024) (granting preliminary approval and deferring dissemination of notice to provide an opportunity to send notice of multiple settlements at once); *In re Auto. Parts Antitrust Litig.*, 12-CV-00302, 2020 WL 5827347, at *2 (E.D. Mich. Sept. 30, 2020) (noting that the Court approved a procedure where notice was deferred until an appropriate number of settlements occurred to keep expenses lower); *In re Refco, Inc. Sec. Litig.*, 05 CIV. 8626 (JSR), 2010 WL 11586941, at *3 (S.D.N.Y. May 11, 2010).

As part of the litigation process, Plaintiffs intend to serve discovery requests upon Binance to obtain a native Excel file containing the name, customer ID, last known address, and last known email address for all persons and entities that are customers of Binance during the class period.

The proposed Notice Administrator has informed Class Counsel that providing direct notice to this many Settlement Class Members will cost hundreds of thousands of dollars. Therefore, in the interest of efficiency, Class Counsel respectfully submits that dissemination of notice should be

8

delayed until resolution of the claims against the remaining non-settling Defendants so that notice can be performed a single time to avoid confusion, increase efficiency, and maximize the recovery to the Settlement Class.  This was the procedure followed in the *Voyager* litigation.

### C. Certification of the Proposed Settlement Class Is Appropriate

The parties agree that for purposes of settlement only that the Settlement Class be defined as follows:  All persons and entities who, within the applicable limitations period, A) purchased, held, and/or sold the cryptocurrency tokens BNB and/or BUSD on any platform, B) purchased, held, and/or sold SOL, ADA, MATIC, FIL, ATOM, SAND, MANA, ALGO, AXS, or COTI on Binance.US or Binance.com, or C) participated in the programs BNB Vault, Simple Earn, and/or any staking program through Binance.US or Binance.com *See* Ex. A. at 7; Ex. B at 3.   The Class meets the requirement of class certification set forth in Rule 23(a) and Rule 23(b)(3).

#### 1. Rule 23(a) is Satisfied.

##### a. The Settlement Class Is Too Numerous to Permit Joinder.

A case may be certified as a class action only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no fixed rule, numerosity is generally presumed when the potential number of class members reaches forty (40). *Cnty. of Monroe, Fla. v. Priceline.com, Inc.*, 265 F.R.D. 659, 667 (S.D. Fla. 2010) (*citing* Newberg & Conte, Newberg on Class Actions, § 3.5 at 247 (4th ed.2002) ("as few as 40 class members should raise a presumption that joinder is impracticable and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone")). Here, numerosity is readily satisfied. The total number of Class members is estimated to be in the millions. At its peak, Binance reported over 1.47 million registered users on its platform in the U.S. alone.

##### b. This Action Presents Common Questions of Law or Fact.

Rule 23(a)(2) requires that there be one or more questions common to the class. *WalMart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011). Plaintiffs need only show the existence of a common question of law or fact that is significant and capable of class-wide resolution. *In re Fla. Cement & Concrete Antitrust Litig.,* No. 09-23187-CIV, 2012 WL 27668, at *3 (S.D. Fla. Jan. 3, 2012) (unpublished). Here Commonality is present as the crux of the claims of the entire class are whether the tokens and/or Binance earn programs are securities and whether the Settling Defendants' conduct amounts to solicitation such that they are statutory sellers under the law.  Thus, because the resolution of the these issues will affect all proposed class members, commonality under Rule 23 (a)(2) is satisfied.

### c. Class Representatives' Claims are Typical.

Rule 23(a)(3) requires that "the claims and defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is met if the claims of the named plaintiffs 'stem from the same event, practice, or course of conduct that forms the basis of the class claims and are based upon the same legal or remedial theory.'" *Gibbs Properties Corp. v. CIGNA Corp.*, 196 F.R.D. 430, 435 (M.D. Fla. 2000) (*quoting*, *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 326 (S.D. Fla. 1996)). "The key inquiry in determining whether a proposed class has 'typicality' is whether the class representative is part of the class and possesses the same interest and suffers the same injury as the class members." *Medine v. Washington Mut., FA,* 185 F.R.D. 366, 369 (S.D. Fla. 1998). Here, the Class Representatives' claims stem from the same common course of conduct as the claims of the Class Members. Binance engaged in a widespread fraudulent scheme and conspiracy in which Binance sold unregistered securities to the Class, a common course of conduct resulting in injury to all Class Members when the conduct was exposed. Any relief achieved also applies to Class Representatives and Class Members equally.

### d. Class Representatives and Their Counsel Will Fairly and Adequately Protect the Interests of the Settlement Class Members.

Rule 23(a)(4) requires that the representative plaintiffs "fairly and adequately" protect the Rule 23(a)(4) requires that the representative plaintiffs "fairly and adequately" protect the interests of the class. The two-prong test for determining adequacy is: "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003). Both prongs are satisfied here. First, Class Representatives and the Settlement Class Members are equally interested in recovering as much of their property and/or recovering damages from any defendant who aided, abetted, or was an accomplice or agent of Binance. Accordingly, the Class Representatives will fairly and adequately protect the interests of all Settlement Class Members. Second, Class Counsel have extensive experience litigating and settling class actions, including consumer fraud cases throughout the United States. Class Counsel are well-qualified to represent the Settlement Class.  Copies of Class Counsel's Resumes are attached hereto as **Composite Exhibit D**.

### 2. The Requirements of Rule 23(b)(3) are Satisfied.

The proposed Settlement Class satisfies Rule 23(b)(3), which permits a class action if the Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The claims asserted against

the Settling Defendants involve common issues of law and fact that predominate over any individual issues. The Settlements resolve issues as to whether the tokens and/or Binance earn programs are securities and whether the Settling Defendants' conduct amounts to solicitation.

Rule 23(b)(3)'s other requirement is that class resolution must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The purpose of the superiority requirement is consistent with the overall goals of Rule 23, which is to assure that the class action is the most efficient, effective, and economic means of settling the controversy. *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 337 (S.D. Fla. 1996). That is the case here, where the Settlements obviate the need for potentially multiple trials with respect to several issues, including causation and damages. Further, the relatively low amounts at issue for each individual class member supports a finding of superiority.

## V. The Proposed Notice to the Class Should be Approved

Should the Court grant preliminary approval, it must also "direct notice in a reasonable manner to all class members who would be bound by the proposal. . . ." Fed. R. Civ. P. 23(e)(1)(B). Notice should be the best notice practicable under the circumstances. Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (same). It is not only necessary that the notice reach the parties affected, but also that it conveys the required information, including adequately describing the substantive claims and information reasonably necessary to make a decision to remain a class member and be bound by the final judgment. *See Adams v. Southern Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1286 (11th Cir. 2007). Notice will be transmitted through the Class Member emails contained in Binance's client records. Notice will also be published on a Settlement Website and through digital notice which would include placements in a variety of crypto-related industry publications. The notice plan in the Settlements provides the best notice practicable under the circumstances. Fed. R. Civ. P. 23(c)(2)(B).

### A. Summary of Notice Plan

#### 1. Notice

At a time directed by the Court as outlined above, the Parties will send, or cause to be sent, a Class Notice to each Class Member, in a form to be approved by the Court, that:

1. contains a short, plain statement of the background of the Action and the Settlement;
2. describes the settlement relief provided by the Settlements and outlined in this Motion;
3. states that any relief to Class Members is contingent on the Court's final approval;

11

4. informs Class Members that attorneys' fees, expenses, and class representative general release payments will be requested at a later time and, if approved by the Court, will be paid from the Settlement Fund;

5. informs Class Members that any Final Order and Judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit or proceeding pending against Settling Defendants;

6. describes the terms of the Release; and

7. contains reference and a hyperlink to a dedicated webpage established by JND, which will include relevant documents and information regarding Class Representatives' claims against Defendants in the Action.

A copy of the proposed Long Form Notice is attached as **Exhibit E**. The specific form of the Notice approved by the Court will then be disseminated by email and U.S. Mail in accordance with JND's Notice Plan. *See* Ex. C at 4–7. JND also proposes Supplemental Digital Notice, *Id.* ¶¶ 30–32, Search Engine Optimization, *Id.* ¶ 37, Press Release, *Id.* ¶ 34, and a Toll-Free Number and Post Office Box, *Id.* ¶¶ 38–39, to facilitate dissemination of the Notice.

### 2.     Settlement Website

JND will also develop and deploy the informational case-specific website where Class Members may obtain more information about the settlement. Ex. C ¶¶ 35–37. The case website would have an easy-to-navigate design that will be formatted to emphasize important information and deadlines and will provide links to important case documents, including a Long Form Notice. *Id.* The settlement website would be prominently displayed in all printed notice documents and accessible through the email and digital notices. *Id.* ¶ 36. The settlement website would also be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. *Id.* ¶ 37. It will be designed to maximize search engine optimization through Google and other search engines. *Id.*

### B.     The Notice Plan Meets All Requirements

The Class's proposed notice plan satisfies the fairness standards set forth in Rule 23. The proposed notice in both Settlements is the best practicable under the circumstances. The notice is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or a request for general release payments. *See In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 654, 662 (S.D. Fla. 2011). The notice presents all required categories of information clearly and in plain English. *See Adams*, 493 F.3d at 1286. The notice is therefore substantively sufficient.

## VI. Conclusion

The Class requests that the Court grant preliminary approval and stay this settlement process until resolution of the claims against the non-settling Defendants. A proposed Preliminary Approval Order is attached hereto as **Exhibit F**. For the foregoing reasons, Plaintiffs respectfully request that the Court do the following: (1) grant preliminary approval of the Settlements; (2) grant preliminary approval of the Proposed Settlement Class; (3) appoint Class Representatives as Rule 23(c) class representatives; (4) appoint Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP as Co-Lead Class Counsel pursuant to Fed R. Civ. P. 23(c)(1)(B) and 23(g); (5) approve the proposed Notice Plan pursuant to Fed. R. Civ. P. 23(e); (6) appoint JND as Notice Administrator; and (7) stay this settlement proceeding until further order of the Court.

Dated: August 19, 2024

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

Respectfully submitted,

By: */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the forgoing was filed on August 19, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam Moskowitz*
Adam Moskowitz