# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **MICHAEL SIZEMORE**, *et al.,* on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**CHANGPENG ZHAO, BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., BINANCE HOLDINGS (IE) LIMITED, BINANCE (SERVICES) HOLDINGS LIMITED, PAXOS TRUST COMPANY, LLC, JIMMY BUTLER, AND BEN ARMSTRONG,**<br><br>*Defendants.* | CASE NO. 1:23-cv-21261<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between the following parties on September 15, 2023: Plaintiffs/Class Representatives Michael Sizemore, Rudy Vazquez, Mikey Vongdara, and Gordon Lewis (collectively, "Plaintiffs" or "Class Representatives"), on the one hand, and Ben Armstrong ("Defendant"), on the other hand, in the Action entitled *Michael Sizemore, et al. v. Changpeng Zhao, et al.*, Case No.: 23-cv-21261 (the "Action") and pending in United States District Court for the Southern District of Florida (the "District Court").

I.   **DEFINITIONS**

As used in this Agreement and all related documents, the following terms have the following meanings:

A.   "Action" means the lawsuit captioned *Michael Sizemore, et al. v. Changpeng Zhao, et al.*, Case No.: 23-cv-21261 pending in United States District Court for the Southern District of Florida.

B.   "Agreement" means this Settlement Agreement and Release and the exhibits attached hereto or incorporated herein, including any amendments subsequently agreed to by the Parties.

C.   "Attorneys' Fees and Expenses" means such aggregate funds as may be awarded by the Court from the Settlement Funds to compensate Class Counsel (and any other past, present, or future attorneys for Plaintiffs or the Settlement Class in this Action) for all of the past, present, and

future attorneys' fees, costs (including court costs), expenses, and disbursements earned or incurred collectively and individually by any and all of them, their investigators, experts, staff, and consultants combined in connection with the Action.

D. "Class Counsel" means The Moskowitz Law Firm, PLLC and Boies Schiller Flexner LLP.

E. "Class Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section VI of the Agreement, which will be agreed to and submitted to the Court for approval when there are a sufficient number of Binance Defendants who have agreed to resolve the claims against them in this Action so that Class Notice and administration of the group of Settlements would be economically feasible. The Class Notice will include substantially all of the information included in Section VI, below.

F. "Class Period" means January 1, 2019 through the date of Preliminary Approval of Class Settlement.

G. "Costs of Administration" means the reasonable and necessary costs incurred by the Settlement Administrator to: (a) provide notice of the Settlement and this Agreement to the Settlement Class, as set forth in Section VI of this Agreement, with such costs being limited to those associated with distributing notice to appropriate state and federal officials as required by 28 U.S.C. § 1715, establishing and maintaining the Settlement Website and the automated interactive voice response telephone system, responding to Settlement Class Member inquiries, and otherwise distributing the Class Notice to the Settlement Class as provided in Section VII, and advertising the Settlement online; and (b) to calculate and distribute the Individual Allocations as set forth in Section IV of this Agreement. The Costs of Administration include the reasonable fees and expenses incurred by the Settlement Administrator in performing all of the tasks for which the Settlement Administrator is retained and will be paid from the Settlement Fund. The Costs of Administration do not include any Attorneys' Fees and Expenses or Service Awards, which—if awarded by the Court—will be paid from the Settlement Fund.

H. "Court" or "District Court" means the United States District Court for the Southern District of Florida, Miami-Division, the Honorable Roy K. Altman presiding, or any other judge of this court who shall succeed him as the Judge assigned to this Action.

I. "Effective Date" means (a) if no objection is raised to the proposed settlement at the Final Approval Hearing, the date on which the final approval order and judgment is entered; or (b) if any objections are raised to the proposed settlement at the Final Approval Hearing and not withdrawn prior to the Final Judgment, the latest of (i) the expiration date of the time for filing or notice of any appeal from the final approval order and judgment, (ii) the date of final affirmance of any appeal of the final approval order and judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the final approval order and judgment and, if certiorari is granted, the date of final affirmance of the final approval order and judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the final approval order and judgment or the final dismissal of any proceeding on certiorari to review the final approval order and judgment.

2

J.     "Final Approval Hearing" means the hearing at or after which the District Court will make a final decision whether to approve this Agreement and the settlement set forth herein as fair, reasonable, and adequate and entry by the District Court of a final judgment and order thereon.

K.     "Final Judgment" means the judgment the District Court enters, finally approving the class settlement.

L.     "Binance Defendants" collectively refers to all Defendants named in the Amended Complaint filed in the Action on June 27, 2023.

M.     "Objection Deadline" means the date thirty (30) days prior to the "Final Approval Hearing," defined above.

N.     "Parties" means the Class Representatives and Defendant.

O.     "Plaintiffs" or "Class Representatives" mean Michael Sizemore, Rudy Vazquez, Mikey Vongdara, and Gordon Lewis.

P.     "Preliminary Approval" means the date the District Court preliminarily approves the settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

Q.     "Settlement Administrator" means the entity selected by the Parties to help implement the distribution of the Class Notice, host the Settlement Website and automated interactive voice recognition telephone system, calculate Individual Allocations and distribute Individual Allocations to Settlement Class Members, and aid in fulfilling the related requirements set forth in this Agreement. Class Counsel will seek the Court's approval of the Settlement Administrator in connection with the preliminary approval of this Agreement and Settlement.

R.     "Settlement Classes" mean the following Classes:

    **(1) Global Class**: All persons and entities who, within the applicable limitations period, A) purchased, held, and/or sold the cryptocurrency tokens BNB and/or BUSD on any platform, B) purchased, held, and/or sold SOL, ADA, MATIC, FIL, ATOM, SAND, MANA, ALGO, AXS, or COTI on Binance.US or Binance.com, or C) participated in the programs BNB Vault, Simple Earn, and/or any staking program through Binance.US or Binance.com.

    **(2) Nationwide Class**: All persons or entities in the United States who, within the applicable limitations period, A) purchased, held, and/or sold the cryptocurrency tokens BNB and/or BUSD on any platform, B) purchased, held, and/or sold SOL, ADA, MATIC, FIL, ATOM, SAND, MANA, ALGO, AXS, or COTI on Binance.US or Binance.com, or C) participated in the programs BNB Vault, Simple Earn, and/or any staking program through Binance.US or Binance.com.

Excluded from the Classes are Defendant and his officers, directors, affiliates, legal representatives, employees, assigns and successors, the Binance Defendants and their officers, directors, affiliates, legal

representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

S.     "Settlement Class Member" means any member of the Settlement Class.

## II. LITIGATION BACKGROUND

A.     On June 27, 2023, Plaintiffs filed the operative Amended Complaint in the Action seeking monetary relief on behalf of a Global Class, a Nationwide Class, and State Subclasses, of all individuals offered or sold, unregistered securities, which Plaintiffs allege were marketed and promoted by the Defendants, YouTube and social media financial influencers and promoters who shared financial advice and actively promoted Binance and its unregistered securities, including but not limited to Binance's native cryptocurrency token, ("BNB"), and a USD backed stablecoin, ("BUSD"), Binance's profit-generating programs called "BNB Vault" and "Simple Earn," a so-called "staking" investment scheme available on the Binance.US Platform, as well as various other crypto assets offered and sold to its customers as investment contracts, including but not limited to crypto asset securities with trading symbols SOL, ADA, MATIC, FIL, ATOM, SAND, MANA, ALGO, AXS, and COTI (collectively, the "Binance Offerings"), to their millions of followers. Defendants have filed motions to dismiss the Amended Complaint for lack of personal jurisdiction and to compel arbitration on an individual basis. At the time of entering into this Agreement, the Parties were beginning to engage in arbitrability-related discovery.

B.     The Parties all were assisted by Counsel, engaged in significant settlement negotiations, and exchanged documents, including financial information from the Defendant.

C.     Class Counsel has conducted a thorough investigation into the facts surrounding the Action. This investigation included but was not limited to: factual research; legal research; and collection and review of documents and data.

D.     Counsel for the Parties thereafter engaged in a series of discussions regarding a settlement of the Action, including substantial additional arms-length negotiations, where all Parties were represented by Counsel. The result was a settlement of the Action in its entirety, culminating with this Agreement.

E.     Based on the above-outlined investigation, the current state of the law, the expense, burden, and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the defenses at issue, the contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiffs and the Settlement Class Members pursuant to this Agreement, Class Counsel has concluded that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Classes in light of all known facts and circumstances.

F.     Defendant and Defendant's counsel recognize the expense and length of continued proceedings necessary to continue the Action through trial and through possible appeals. Defendant also recognizes that the expense and time spent pursuing this Action has and will further detract from resources that may be used to reimburse class members for their damages. While Defendant denies any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action and believes

4

that he possesses valid defenses to Plaintiffs' claims, Defendant has determined that the settlement is fair, adequate, and reasonable.

**III. CERTIFICATION**

    A.    Certification of Classes: For Settlement purposes only, and without any finding or admission of any wrongdoing or fault by Defendant, and solely pursuant to the terms of this Agreement, the Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Classes, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2). Michael Sizemore, Rudy Vazquez, Mikey Vongdara, and Gordon Lewis will serve as class representative plaintiffs and The Moskowitz Law Firm, PLLC, and Boies Schiller Flexner LLP will serve as Co-Lead Class Counsel.

    B.    Certification is Conditional: This certification is for settlement purposes only and is conditional on the District Court's approval of this Agreement. In the event the District Court does not approve all terms of the Agreement, then certification of the Settlement Classes should be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Classes, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy. And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendant shall not be deemed to have waived any opposition or defenses he has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

**IV. SETTLEMENT CONSIDERATION**

In consideration of the mutual covenants and promises set forth herein, and subject to District Court approval, the Parties agree as follows:

    A.    **Monetary Relief.** A Common Fund to fund the Class Settlement, including all costs, fees or other payments, including but not limited to the costs of notice and administration, attorneys' fees, litigation expenses and costs (the "Common Fund") will be created in the amount of **$40,000**. This amount consists of the <u>total sum paid to Defendant by any and all sources</u>. The amount is intended to be a complete and total payment; in no event shall Defendant, their insurers or any of the Released Parties ever be liable for any amount whatsoever in excess of the Common Fund, regardless of any circumstance whatsoever. The Parties agree and confirm that future claims unrelated to the claims in the Action are not included in this Release. No portion of the Common Fund will revert to the Defendant.

    B.    **Settlement Payment.** On or before March 15, 2024, the Settlement payment shall be deposited into an interest-bearing account of Plaintiffs' counsels' choosing. The Settlement Payment, along with any accrued interest, will be returned to the Defendant if this Settlement is not approved by the Court.

    C.    **Confirmatory Discovery**: Defendant currently has private counsel assisting his defense. Defendant will provide Plaintiffs with a Declaration that he had no personal

5

knowledge that any of the Binance Offerings were the sale of an unregistered security. The Parties will be entitled to further confirmatory discovery to the extent necessary to support the settlement.

D. **Settlement Approval and Administration Held in Abeyance.** Given the number of the Class Members and the global nature of the Settlement, Class Counsel may decide to seek approval and administration of this Settlement, along with other future Binance Settlements, to save costs associated with the Notice and with administration of the Settlement. The Parties have agreed to request that the Court hold the notice of the Settlement and any final approval of the Settlement in abeyance until a sufficient amount of the Binance Defendants settle to make the notice economical. While Defendant agrees to pay the Monetary Relief into an interest-bearing account pending approval and administration of this Settlement in accordance with sections IV.A and IV.B, above, the Parties agree that Class Counsel will propose a Plan for Administration of the Settlement to the Court for approval in connection with seeking approval of this Settlement after a sufficient amount of the Binance Defendants settle to make administration of the Settlement economical.

## V. RELEASE

The Settlement Class Representatives and each member of the Settlement Class, by operation of the Final Order and Judgment, on his, her, its, or their own behalf and on behalf of his, her, its or their predecessors, successors, assigns, assignors, representatives, attorneys, agents, trustees, insurers, heirs, next of kin, estates, beneficiaries, executors, administrators, and any natural, legal, or juridical person or entity that he, she, it or they are entitled to assert any claim on behalf of any Settlement Class member, will agree to release and forever discharge Defendant and his insurers, affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and agents (the "Released Parties") from all past and present claims, counterclaims, crossclaims, lawsuits, demands, damages, property damages, economic damages, legal fees, costs and expenses, rights, causes of action, liabilities, suits, judgments, debts, dues sums of money seeking damages or other legal or equitable relief of whatever kind or nature, known or unknown, accrued or unaccrued, existing or contingent, asserted or unasserted, from the beginning of the world through the date of the approval of settlement, by Final; Court Order and Judgment, arising out of or in any way related to: a) the allegations in the Class Action Complaint and/or b) any social media posts, YouTube videos, or other statements made by Defendant referring or relating to Binance and/or its affiliates. This Release specifically does not apply to the Binance Entities (and/or any of their insurers, affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and agents).

## VI. NOTICE TO THE SETTLEMENT CLASS

Class Notice: In accordance with Section IV.D, above, the Parties have agreed to hold the notice of this Agreement in abeyance until a sufficient amount of the Binance Defendants settle to make the notice economical. When Class Counsel decides to seek approval of this Settlement with other future Binance Settlements, Class Counsel shall issue the Class Notice in accordance with the requirements of the Preliminary Approval Order, as follows:

A. <u>Notices</u>. Class Counsel shall prepare a notice which will contain a description of the Settlement Agreement and afford affected parties the opportunity to obtain copies of all the settlement-related papers. The Class Notice shall be the legal notice to be provided to the Settlement Class Members, and shall otherwise comply with Federal Rule of Civil Procedure 23 and any other applicable statutes, laws, and rules, including, but not limited to, the Due Process Clause of the United States Constitution. The Notice will be distributed in accordance with item B below.

1. The Class Notice shall advise the Potential Settlement Class Members of the following:

    a. <u>General Terms.</u> The Class Notice shall contain a plain, neutral, objective, and concise summary description of the nature of the Action and the terms of the proposed Settlement, including all relief that will be provided by the Defendant to the Settlement Class in the Settlement, as set forth in this Agreement. This description shall also disclose, among other things, that (a) any relief to Settlement Class Members offered by the Settlement is contingent upon the Court's approval of the Settlement, which will not become effective until the Effective Date; (b) Class Counsel and Plaintiffs have reserved the right to petition the Court for an award of Attorneys' Fees and Expenses from the Settlement Funds. The Settlement is not contingent upon any particular amount of Attorneys' Fees and Expenses being awarded by the Court.

    b. <u>The Settlement Class.</u> The Class Notice shall define the Settlement and shall disclose that the Settlement Class has been provisionally certified for purposes of settlement only.

    c. <u>Opt-Out Rights.</u> The Class Notice shall inform the Settlement Class Members of their right to seek exclusion from the Settlement Class and the Settlement and provide the deadlines and procedures for exercising this right.

    d. <u>Objection to Settlement.</u> The Class Notice shall inform Settlement Class Members of their right to object to the proposed Settlement and to appear at the Fairness Hearing and provide the deadlines and procedures for exercising these rights.

    e. <u>Fairness Hearing.</u> The Class Notice shall disclose the date and time of the Fairness Hearing and explain that the Fairness Hearing may be rescheduled without further notice to the Settlement Class.

    f. <u>Release.</u> The Class Notice shall summarize or recite the proposed terms of the Release contemplated by this Agreement.

7

       g. <u>Further information</u>**.** The Class Notice shall disclose where Settlement Class Members may direct written or oral inquiries regarding the Settlement, and also where they may obtain additional information about the Action, including instructions on how Settlement Class Members can access the case docket using PACER or in person at any of the court's locations.

B. <u>Service.</u> Subject to Section IV.D. above, the Settlement Administrator shall serve the Notices no later than thirty days after entry of the Preliminary Approval Order via publication to the dedicated website created and maintained for this Action, and via email to any Class Members whose email addresses are reasonably available to Class Counsel.

C. <u>Settlement Website</u>**.** The Parties shall cause the Settlement Administrator to establish the Settlement Website, whose address shall be included and disclosed in the Class Notice, and which will inform potential Settlement Class Members of the terms of this Agreement, their rights, dates, and deadlines and related information. The Settlement Website shall include, in .pdf format, a copy of the Operative Complaint, this Agreement and its exhibits, any Preliminary Approval Order entered by the Court, and a copy of the Class Notice, along with such other information as the Court may designate or the Parties may agree to post there. The Settlement Website will be operational and live by the date of the first mailing of the Class Notice. A Spanish-language translation of the Class Notice shall be placed on the Settlement Website by the Settlement Administrator at the time the Settlement Website becomes operational and live. The Spanish-language translation shall be created by a federally certified translator. However, in the case of conflict, the English-language version of the Class Notice shall control.

D. <u>IVR Calling Line</u>. The Parties shall cause the Settlement Administrator to establish an automated interactive voice recognition telephone system for the purposes of providing information concerning the nature of the Action, the material terms of the Settlement, and the deadlines and procedures for potential Settlement Class Members to exercise their opt-out and objection rights. The Class Notice and Settlement Website shall include and disclose the telephone number of this automated interactive voice recognition telephone system.

E. <u>Internet Advertising</u>. The Parties shall cause the Settlement Administrator to make advertisements on the internet for the purpose of alerting Settlement Class Members to the settlement website, in a form recommended by the Settlement Administrator and mutually acceptable to the Parties, with an aggregate cost to the not to exceed 1% of the Common Fund.

F. <u>Notice to Appropriate Federal and State Officials.</u> Pursuant to the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, within ten (10) days after this Agreement is deemed filed with the Court, the Defendant will provide notice of this Action and this Agreement to the appropriate federal and state entities.

G. Not later than ten (10) days before the date of the Fairness Hearing, the Settlement Administrator, and to the extent necessary the Parties, shall file with the Court a

8

      declaration or declarations, based on the personal knowledge of the declarant(s), verifying compliance with these class-wide notice procedures.

## VII. SETTLEMENT ADMINISTRATION

    A.    As set forth in Section IV.D, above, the Parties have agreed to request that the Court hold the notice, final approval, and administration of the Settlement in abeyance until a sufficient amount of the Binance Defendants settle to make the notice economical.

    B.    While Defendant agrees to pay the Monetary Relief into an interest-bearing account pending approval and administration of this Settlement in accordance with sections IV.A and IV.B, above, the Parties agree that Class Counsel will propose a Plan for Administration of the Settlement to the Court for approval in connection with seeking approval of this Settlement after a sufficient amount of the Binance Defendants settle to make administration of the Settlement economical.

## VIII. PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

    A.    **Objections:** Only Settlement Class Members may object to the settlement. All objections must be filed no later than thirty calendar days prior to the Final Fairness Hearing (the "Objection/Exclusion Deadline") with Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served at that same time upon both of the following:

        a.  Co-Lead Class Counsel
           Adam M. Moskowitz
           Joseph M. Kaye
           THE MOSKOWITZ LAW FIRM, PLLC
           2 Alhambra Plaza Suite 601
           Coral Gables, FL 33134
           adam@moskowitz-law.com
           joseph@moskowitz-law.com
           service@moskowitz-law.com

           -and-

           David Boies
           Brooke Alexander
           **BOIES SCHILLER FLEXNER LLP**
           333 Main Street
           Armonk, NY 10504
           Phone: (914) 749–8200
           dboies@bsfllp.com
           balexander@bsfllp.com

B. A Settlement Class Member's objection must:

    a. be in writing;
    b. include the objector's full name, current address, and current telephone number;
    c. include documentation or attestation sufficient to establish membership in any of the Classes;
    d. be signed by the person filing the objection, or his attorney;
    e. state, in detail, the factual and legal grounds for the objection;
    f. state any objections filed by the objector in the last seven years (case name, name of court and result of objection);
    g. attach any document the Court should review in considering the objection and ruling on the Motion;
    h. provide dates for availability to Class Counsel for the Settlement Class Member's deposition; and
    i. include a request to appear at the Final Approval Hearing, if the objector intends to appear at the Final Approval Hearing.

C. Any objection that does not meet all of these requirements will be deemed invalid and will be overruled.

D. Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Award, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendant's Counsel (at the addresses listed above), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before the Objection/Exclusion Deadline.

E. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

F. The date of the postmark on the mailing envelope or a legal proof of service accompanied and a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline.

G. <u>Response to Objections</u>: Class Counsel shall, at least ten (10) business days (or such other number of days as the Court shall specify) before the Final Approval Hearing,

file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

H. <u>No Solicitation of Settlement Objections</u>: The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Member to object to the settlement or encourage any Settlement Class Member to appeal from the final judgment.

I. **Requests for Exclusion**

1. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written "request for exclusion" to the Settlement Administrator at the address provided in the Class Notice, mailed sufficiently in advance to be received by the Settlement Administrator no later than the Objection/Exclusion Deadline. A written request for exclusion must: (a) contain a caption or title that identifies it as "Request for Exclusion in *Michael Sizemore, et al. v. Changpeng Zhao, et al.*"; (b) include the Settlement Class Member's name, mailing and email addresses, and contact telephone number; (c) specify that he or she wants to be "excluded from the Settlement Class" and identify the Class Loan number(s) for which he or she seeks exclusion from the Settlement; and (d) be personally signed by the Settlement Class Member. The requirements for submitting a timely and valid request for exclusion shall be set forth in the Class Notice.

2. Each Settlement Class Member who wishes to be excluded from the Settlement Class must submit his or her own personally signed written request for exclusion. A single written request for exclusion submitted on behalf of more than one Potential Settlement Class Member will be deemed invalid; provided, however, that an exclusion received from one Settlement Class Member will be deemed and construed as a request for exclusion by all co-account holders.

3. Unless excluded by separate Order entered by the Court for good cause shown prior to the final approval of this Settlement, any Settlement Class Member who fails to strictly comply with the procedures set forth in this Section for the submission of written requests for exclusion will be deemed to have consented to the jurisdiction of the Court, will be deemed to be part of the Settlement Class, and will be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against the Defendant relating to the released claims.

4. The Settlement Administrator shall file with the Court, no later than ten (10) days before the Fairness Hearing, a list reflecting all requests for exclusion it has received. The list shall also identify which of those requests for exclusion were received late, and which requests for exclusion failed to comply with the requirements of this Section VIII.

11

5. Settlement Class Members who exclude themselves from the Settlement Class as set forth in this Section expressly waive any right to the continued pursuit of any objection to the Settlement as set forth in this Section, or to otherwise pursue any objection, challenge, appeal, dispute, or collateral attack to this Agreement or the Settlement, including: to the Settlement's fairness, reasonableness, and adequacy; to the appointment of Class Counsel and Plaintiffs as the representatives of the Settlement Class; to any Attorneys' Fee and Expense awards; and to the approval of the Class Notice, and the procedures for disseminating the Class Notice to the Settlement Class.

## IX. RELEASE OF UNKNOWN CLAIMS

Plaintiffs expressly understand and acknowledge, and all Settlement Class Members will be deemed by the Final Judgment to acknowledge, that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Parties have chosen Florida law to govern this Agreement—Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein are hereby knowingly and voluntarily waived, relinquished, and released by Plaintiffs and all Settlement Class Members.

## X. ATTORNEYS' FEES AND EXPENSES

A. Class Counsel may petition the Court for an award of Attorneys' Fees and Expenses in an aggregate amount not to exceed thirty three percent (33%) of the Settlement Funds. Class Counsel shall file its motion for an Attorneys' Fees and Expenses award no later than fourteen (14) days before the Objection/Exclusion Deadline. As soon as is practicable after filing, Class Counsel shall cause the Settlement Administrator to post on the Settlement Website all papers filed and served in support of Class Counsel's motion for an award of Attorneys' Fees and Expenses. The Defendant reserves the right to oppose any petition by Class Counsel for Attorneys' Fees and Expenses that the Defendant deems to be unreasonable in nature or amount or otherwise objectionable.

B. All attorneys' fees for, and any reimbursement of litigation expenses incurred by, Class Counsel shall be paid out of the Settlement Funds. Other than making available the Settlement Funds pursuant to the requirements of Section 4, the Defendant shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Class Counsel, which Class Counsel and Plaintiff shall seek to have paid only from the Settlement Funds.

C. Class Counsel is solely responsible for distributing any Attorneys' Fees and Expenses to and among all attorneys that may claim entitlement to attorneys' fees or costs in the Action. It is a condition of this Settlement that the Defendant shall not be liable to anyone else for any attorneys' fees or costs, or any claim by any other counsel or

12

    Settlement Class Member for additional attorneys' fees, costs or expenses, relating in any way to the Action, the Settlement, its administration and implementation, any appeals of orders or judgments relating to the Settlement, any objections or challenges to the Settlement, and/or any proceedings on behalf of Settlement Class Members who do not exclude themselves from the Settlement Class based on any of the claims or allegations forming the basis of the Action or any other claims that are defined as Released Claims in this Settlement.

  D. Within fourteen (14) days after the later of (a) the Final Settlement Date or (b) receipt of wire instructions from Class Counsel, whichever is later, the Settlement Administrator shall pay Class Counsel from the Settlement Funds any Attorneys' Fees and Expenses and Service Awards that may be awarded by the Court. Class Counsel shall be solely responsible for supplying the Settlement Administrator with all information required by the Settlement Administrator in order to pay such awards from the Settlement Funds, and to comply with the Settlement Administrator's state and local reporting obligations. Class Counsel will also be solely responsible for distributing such Service Awards to the Plaintiffs, in accordance with the terms and provisions of any Order entered by the Court approving such awards.

  E. In the event the Final Order and Judgment is not entered, or this Agreement and the Settlement do not reach the Final Settlement Date, the Defendant will not be liable for, and shall be under no obligation to pay, any of the Attorneys' Fees and Expenses and Service Awards set forth herein and described in this Agreement.

  F. The effectiveness of this Agreement and Settlement will not be conditioned upon or delayed by the Court's failure to approve in whole or in part any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Service Awards. The denial, downward modification, or failure to grant any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Service Awards shall not constitute grounds for modification or termination of this Agreement or the Settlement proposed herein.

## XI. DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL

The Parties shall promptly submit this Agreement to the District Court in support of a Joint Motion for Preliminary Approval and determination by the District Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Agreement (and by no later than one week after signing), the Parties shall apply to the District Court for the entry of a Preliminary Approval order substantially in the following form:

  A. Scheduling a Final Approval Hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the members of the Classes;

  B. Approving as to form and content the Class Notice;

  C. Directing and the method and frequency of Class Notice;

  D. Preliminarily approving the Settlement;

13

  E. Preliminarily and conditionally certifying the Settlement Class for settlement purposes;

  F. Staying all proceedings in the Action against Defendant, and enjoining the prosecution of any other individual or Class claims against Defendant.

  G. Providing that, in the event the proposed settlement set forth in this Agreement is not approved by the District Court, this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy; and that in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to the respective positions as of the date of this Agreement. In the event the District Court does not enter the Preliminary Approval order described herein, or decides to do so only with material modifications, then this entire Agreement shall become null and void, unless the parties hereto agree in writing to proceed with this Agreement as modified.

## XII. COURT APPROVALS

  1. Class Counsel will submit a proposed final order and judgment at the Final Approval Hearing to include:

  A. Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions; and

  B. Seeking entry by the Court of a final judgment and order permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, and consultants, in regard to those matters released as set forth in Section VI above.

  2. The Settlement between the parties is contingent on the required Court approvals of all the terms set forth herein.

## XIII. PARTIES' AUTHORITY

The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## XIV. MUTUAL FULL COOPERATION

  A. The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this

14

Agreement. Defendant shall cooperate with Plaintiffs' efforts to recover losses relating to Class Members. As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of Defendant and its counsel, shall take all necessary steps to secure the Court's final approval of this Agreement. Defendant agrees that he will not challenge venue or jurisdiction in the Southern District of Florida. Defendant will not oppose the Plaintiff's motion for certification of the Settlement Class which will be filed in the Southern District of Florida based on the terms set forth herein.

## XV. NO ADMISSION

This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or as an admission that class treatment in the Action is proper for any purpose other than settlement. Defendant denies all liability for claims asserted in the Action and deny that class treatment for the Action is proper for any purpose other than settlement. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding. This Agreement or the existence of this settlement shall not be used or cited in any proceeding other than (i) an action or proceeding to approve or enforce this Agreement, or (ii) in a subsequent proceeding potentially barred by the Release specified herein.

## XVI. NOTICES

Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed to have been given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| For The Class | For Defendant |
|---|---|
| Adam M. Moskowitz<br>Joseph M. Kaye<br>THE MOSKOWITZ LAW FIRM, PLLC<br>2 Alhambra Plaza Suite 601<br>Coral Gables, FL 33134<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com<br><br>-and-<br><br>David Boies<br>Brooke Alexander<br>BOIES SCHILLER FLEXNER LLP<br>333 Main Street<br>Armonk, NY 10504 | Darren A. Heitner<br>HEITNER LEGAL, P.L.L.C.<br>215 Hendricks Isle<br>Fort Lauderdale, FL 33301<br>darren@heitnerlegal.com |

15

| Phone: (914) 749–8200<br>dboies@bsfllp.com<br>balexander@bsfllp.com | |
|---|---|

## XVII. CONSTRUCTION

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Agreement.

## XVIII. MATERIAL TERMS; CAPTIONS

Each term of this Agreement is a material term of the Agreement not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder. Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## XIX. INTEGRATION CLAUSE

This Agreement contains the entire agreement between the Parties relating to the settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished.

## XX. NO COLLATERAL ATTACK

This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Classes after the judgment and dismissal is entered. Such prohibited collateral attacks shall include claims made before the Final Approval Hearing that a Settlement Class Member's settlement amount was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual settlement amount or failed to submit a timely dispute letter for any reason.

## XXI. AMENDMENTS

The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

## XXII. ASSIGNMENTS

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement

are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

### XXIII. GOVERNING LAW

This Agreement shall be governed by, and the rights of the Parties determined in accordance with, the laws of the State of Florida, irrespective of the State of Florida's choice of law principals. The Parties shall jointly request that the District Court retain jurisdiction to enforce the provisions of this Agreement and to enforce the Agreement in the event of default.

### XXIV. BINDING ASSIGNS

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

### XXV. CLASS COUNSEL SIGNATORIES

It is agreed that because the Settlement Classes appear to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

### XXVI. COUNTERPARTS

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Classes. All parties must sign this Agreement for it to be binding.

ACCEPTED AND AGREED, this 15th day of September, 2023:

BY: _[signature: Joey Kaye]_
for Adam Moskowitz
Class Counsel on Behalf of All Plaintiffs and the Class

BY: _[signature: David Boies]_
David Boies
Class Counsel on Behalf of All Plaintiffs and the Class

BY: _[signature]_
Ben Armstrong

BY: _[signature]_
Name:
Title:
Counsel for Ben Armstrong

17